IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

**FILED**
NOV 1 4 2018
Clerk, U.S. District Court
Texas Eastern

| | |
|---|---|
| **KELLY THOMAS** | |
| *Plaintiff* | |
| v | |
| **J.L. CULPEPPEER,** | CIVIL ACTION NO. |
| **STEVE CULPEPPER,** | 4:18 CV 814 |
| **GERALD TURNHAM** | |
| **CULPEPPER PLUMBING & AIR CONDTIONING INC.** | |
| **CARL PUGLISES** | |
| *Defendants* | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

 COMES NOW, Plaintiff, Kelly Thomas ("Plaintiff"), and files this her Original Complaint, complaining of the acts and/or omissions of Defendant J.L. Culpepper, Defendant Steve Culpepper, and Defendant Gerald Turnham, Defendant Culpepper Plumbing & Air Conditioning Inc. and Carl Puglises (sometimes "Defendants") and in support, would respectfully show the Court the following:

### PARTYS

1. Plaintiff is a resident of Denton County, Texas

2.  Defendant, J. L. Culpepper is a resident of Grayson County and he may be served at 3512 Frisco Rd, Sherman, Texas 75090 or wherever Mr. J. L. Culpepper may be found.

3.  Defendant Steve Culpepper is a resident of Grayson County District and he may be served at Culpepper Plumbing & Air Conditioning Inc. 600 W. Main, Whitesboro, Texas 76273, or wherever Mr. Steve Culpepper may be found.

4.  Defendant Gerald Turnham is a resident of Grayson County Texas and he may be served at 905 E. Main Whitesboro, Texas or wherever Mr. Turnham may be found.

5.  Defendant Culpepper Plumbing & Air conditioning Inc. is a domestic Corporation, organized under the laws of the State of Texas with its principal place of business in Sherman, Texas and it may be served with citation, and a copy of the Plaintiff's Original Petition by serving its Registered Agent, J. L. Culpepper at 3512 Frisco Drive Sherman, Texas 75090, or wherever Mr. Culpepper may be found.

6.  Defendant Carl Pugliese is a resident of Denton County Texas and he may be served at 208 Cattail Ln. Denton, Texas 76208, or wherever Mr. Puglises may be found.

### JURISDICTION AND VENUE

7.  The relief sought surpasses the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $ 232,144., excluding ongoing medical, interest, punitive damages, penalties, all court fees, and any applicable attorney fees, and reimbursements, should the Court grant the request for the appointment of an attorney. The Court has exclusive Constitutional, original subject matter, and personal jurisdiction over this case.

8.  Venue is proper because the Court has exclusive jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States. *(reference :UPC, ICC IPC IAMPO)*

## FACTS

9. Plaintiff has incurred substantial harm, property damages, financial damages, illnesses, and other losses by the Defendant's malicious, knowing, and fraudulent breeches of the three contracts, which could be considered types of construction contracts and with disregard to the mandatory plumbing codes, rules and laws. entered into, because of the deliberate omissions and disregard to the governing authorites that allows for them to conduct buisness, in this state, which were adopted, from the United States, Uniformed Plumbing Codes (UPC), and are manadatory rules, codes, and laws, placed in effect, designed to provide safety to the consumer, and to provide safe and sanitary plumbing systems.

10. Defendants knowingly used unlicensed, unsupervised men, did not apply for permits timely or at all, and performed no inspections. This work resulted in several fines and penalties against them (now paid) issued by the Texas State Board of Plumbing Examiners, referred to as (TSBPE) with a referral by the TSBPE to the Ethic's Commissioners, because the men, sent by the Defendant's to perfom plumbing on the Plainitff's home, sometimes referred to as ("Home") used, were unlicensed, there were not inspections performed nor were there any timely application for permits, that would insure, for those reqired inspections; and because their defective workmanship, was buried approx 3 feet or more, underground, underneath the Home, (contract 1) behind a water heater( contract 2 re-installtion, and contract 3 installtion of water heaters ) in a small water heater closet, and which resulting in serveal different fines and penaties, issued by the the Texas State Board of Plumbing Examiners, referred to as (TSBPE). All penaties and fines have been paid to the Texas State Board of Plumbing Examiners, by the

Defendant's. Payment's were made on March 24, 2017 June 19, 2017 and October 13, 2017, with a referrerals, by the TSBPE, to the Ethics Comissioners.

11   Plaintiff has more than sufficient evidence to substantiate her allegations of the breeches of contract, the prolonged unwillingness of Defendants, to correct their defective workmanship and the harm caused to her, her property, her home, her pets, and her belongings, including doctor's reports, and sworn eye-witness verifications.

12.   Defendant's ignored.her repeated requests to have the issues corrected, and the first two attempts by the TSBPE, inspector. The third phone call made by the TSBPE , inspector, resulted in an uncommunicated arrival by Defendant Turnham as Ms. Thomas was rushing her dog to the vet. Defendant Turnham returned to correct, the improper installation, of April 30, 2015, on December 7, 2015 which he supervised on April 30, 2015. The only timely permit, ever applied for, was the correction on December 7, 2015 of the improper work Defendat Turnham,had supervised, April 30 2015 and which he never corrected, and never corrected any of the three separate, jobs, performed.

13.   Defendants originally agreed to furnish materials and labor necessary to replace old, corroded sewer line and install a new sewer line approximately three feet deep, in the yard and running under the Plaintiff's Home. They never replaced the old line, rather added a new line on top of the old line. Because Gerald Turnham is the Master Plumber for Culpepper, he was required by law to supervise the work. He introduced himself and left, returning only to get payment. Much later it was discovered they did not remove or deactivate the original line and improperly transitioned into it and covered the old line with bricks, that was under the south side

of the Home's perimeter. The continuous water running resulted in warping, rotting and collapse of the Plaintiff's subfloors, eventually cracking the main roofing beam, the flaking of internal walls and white fungus-like substances growing throughout. Undetected gasses seeping in resulted in a lack of oxygen resulting in neurological disorders, other related health issues and the death of pets. The hidden cause of all this was unknown to the Plaintiff until much later.

14. Culpepper knew what occurred from the beginning, but the Plaintiff did not, and after the bathroom floor collapsed in the summer of 2013 she called for estimates and Gerald Turnham came. Plaintiff told of her concerns of the terrain changes and a pond that never drains, and asked also if he would check the pipes under the kitchen sink. Mr. Turnham did not tell her the sink was plumbed incorrectly but simply tightened the pipes because re-doing the sink plumbing might have exposed the faulty work below. The Plaintiff relied on Mr. Turnham to her harm and he deliberately covered up the dangerous issues involved.

15. The floor in the hot water heater's closet and a clothes closet behind it, collapsed, not long after the sewer line work. These are located above the area where the men worked on the sewer line. Plaintiff was still unaware of underlying water issues and thought the floor's collapse was possibly the result of the home's age.

16. March 24, 2014, after the floors were rebuilt by friends, the same two unlicensed, unsupervised men re-installed the water heater, which had been functioning properly. They installed it improperly and damaged it during the install.

17. April 11, 2015, the re-installed water heater, (initially installed December 8, 2011, with permit and inspections) discharged water out the front on April 11, 2015.

18. Defendants sent the same two men to remove it on April 13, 2015. Plaintiff found it was cracked in the back, taped with clear tape, rusted, and walls of the closet were burnt. The warranty and related papers were also burnt and found, under the pilot lite in the water heater's pan.

19. April 30, 2015, installation of the new water heater was performed by the same men. For the first time, Mr. Gerald Turnham, the Master Plumber, was on site to supervise. The new water heater, even with the Master Plumber on site, was not installed correctly nor was the installation permitted or inspected. Flammables such as plumber's glues, primer and cement were found next to the main gas line under the home, directly under where the water heater's gas line connected to the pilot lite. Defendant presents a check dated December 7, 2015, to the TSBPE and to their insurance company for the April 30, 2015 required permit application fee.

20. April – May 3, 2017, during the storms that prefaced, the government declared a disaster , declared on May 4-June 23, 2015. The adjusters from Standard Casualty Property and Casualty Co. used the water heater discharge and the defective workmanship of Culpepper as an excuse not to pay the terms of the Policy Contract. Also, deliberately complicating the situation, the adjuster wrote the Policy adjustments under the wrong house and wrong Policy number and manufactured losses not reported and ignored losses that were reported. Contractual Policy terms were denied, and only partial payments received, which were written as the initial payments, blaming the home's vulnerable condition on the defective work performed bythe Defendants, and full  Policy term payments were denied, as a result.

21. July 1-3 2015, Carl Puglises was contracted to replace the bathtub and basically remodel the bathroom, because he falsely advertised as a licensed plumber on four major search engines,

and recommended by Home Depot, employees.

22. Carl Puglises was not licensed and did not install the P-traps under the new bathtub necessary to block deathly methane gas, causing substantially more harm, damages and all previous repairs, of the storms damages, including, the repairs made after, the events, referencing the actions of the adjusters, and hired engineer, were affected.

23. Because, Carl Puglises also did not place, a cap on the clean out, underneath the toilet, and installed the incorrect piping, breaking the toliet and sink fixtures, and water lines, the undetectable methane gas, the effects of the increased exposure, caused increased disability, illnesses and the prolonged exposure,later, caused near death, experiances, as she was fainting, passing out, not knowing how terrible ill, she became, including breathing problems,chronically ill, etc. but kept fighting for her home, her remaining pets and her lost Rights to the Enjoyment of Life. Plaintiff was forced to vacate the home the 2nd time. *(The 1st time was a result of the storms, and the events and actions of the homeowner's insurance company and the adjusters and engineer).* After paying doctor bills, vet bills, along with all the normal living expenses Plaintiff became unable to pay for lodging.

24. November 1- 4, 2015, Joe Johnson was hired to replace the elbow pipe, underneath installed bathub, and correct that aspect of defective workmanship, Carl Puglises,had performed; and substitued the incorrect elbow pipe, with the necessary P trap . In doing so, he discovered in part the active drain lines, underneath the Home's southwest corner, where the Home's only bathroom is located. His invoice depicts the life threatening conditions.

25. Immediately, after informing the Texas State Board of Plumbing Examiners, their 1st

inspector came to the Home, on November 9, 2015. While at the home, he pointed out the improper installation of the water heater on April 30, 2015. The TSBPE investigations continued through March 2017.

26. February 1, 2016, Plaintiff hired an inspector to determine if the home was safe enough to move back into. His report shows most issues of the home were a result of the Defendant's defective workmanship, especially the sewer line installation and the re-installation of the water heater.

27. November 16, 2016, after a long hard search to find a plumber who would work behind the defective plumbing, and allow payments, Strittmatter Plumbing Company, came and the dug up, south side of the Home, exposed the entire defective workmanship of the Defendant's. Previously, only the area which Joe Johnson substituted the elbow pipe with the P Trap, under the bathub, in the southwest corner, had been dug.

28. At no point in time did the Defendant's make any effort to correct the issues, nor showed any remorse, Culpepper hung up on the Plaintiff multiple times, told Plaintiff never to call them again, told Plaintiff to get another plumber, and ignored the TSBPE's inspector's first two calls.

## CAUSE OF ACTION UNDER US CODES:

29. Plaintiff hereby incorporates paragraphs, one through twenty four, as if fully set forth herein.

30. **28 U.S.1331: The district courts, shall have original jurisdiction,of all civil actions arising under the Constitution, laws, or treaties of the**

### UNITED STATES

31. Defendants broke and disregarded codes, laws and requirements set in place, initially in 1927, by Congress. The UPC is designed to provide consumers with safe and sanitary plumbing

systems within every state's occupations codes and administrative codes, including Texas.

32. Substantial home repairs throughout the property are required to be performed by the Plaintiff in order to fix the Defendant's defective construction repairs, and workmanship, omissions, and malicious, fraudulent activities

## CONDITIONS PRESEDENT

33. All Conditions precedent to recovery have been performed, have occurred, in the process or have been excused.

## DAMAGES

34. Defendant's acts and omissions as particularly described above, have been producing and/or proximate causes of damages to Plaintiff.

35. Plaintiff has suffered economic damages, including but not limited to, the cost to repair, damages caused by the above mentioned acts in the amount of two hundred thirty two thousand, one hundred forty four $232,144.00, excluding, future medical expenses., and all present past and future cost, to prosecute this Complaint.

## ADDITIONAL DAMAGES

36. Because the Defendants raised their own ambitions above the law, set forth by Congress, and willfully, deliberately deceived the Plaintiff, attempted to deceive the TSBPE, deceived their own insurance company, Federated, and by their actions, elevated their own interests above all else, Plaintiff seeks all usual and customary relief, with interest, exemplary damages to the maximum amount allowed by law. She also seeks that any attorney who might be appointed to represent her would be awarded any and all costs, and fees, not less then $798.00, per hour, if the

court appoint an attorney, and should relief be granted, and the reasonable fees recovered, would be remitted back at 50% or however the Court, deems appropriate, and would be used to support clinical programs, or other agencies, that provide legal services, for the moderately or lesser privaledged, especially in regards to disaster victims, homeowners Policy contracts, and Contractors hired, who prey on the disabled.

## JURY DEMAND

37. Plaintiff is requesting a Jury.

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Plaintiff, respectfully requests, that she recover of and from Defendant J L Culpeppert, Defendant Steve Culpepper, Geral Turnham, Culpepper Plumbing & Airaconditioning Inc., Defendant Carl Puglises, jointly and severally, the damages as pled herein, including, all general and special damages, suffered, by Plainitff, as a result of the said Defendant's acts and/or omossions, as described herein, plus pre-judgement interest, as allowed by law, attorney's fees, cost of court, post judgement interest, and other, and future releif, both in law and in equity, to which the Plainitff may show herself to be justly entitled. And the Defendant's take nothing in law, equity, or finances, or non finacial releif.

Respectfully yours,

*Kelly Thomas* (signature)

Kelly Thomas
100 N Hill St.
Pilot Point, Texas 76258

STATE OF TEXAS

COUNTY OF DENTON

On this  14 , day of, __November__ 2018 personally appeared __Kelly Thoms__ and
_____ known to me or proved to me through identity card to be the person whose name is subscribed to the foregoing and acknowledge to me that she executed the same for the purposes and consideration therein expressed.

_____
Signature of Notary

Notary Seal

BRETT KUHN
My Notary ID # 2765733
Expires May 25, 2020

Plaintiff's Original Petition and Jury Demand