# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KELLY THOMAS § | |
| § | Civil Action No. 4:18-CV-814 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| J.L. CULPEPPER, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 29, 2019, the report of the Magistrate Judge (Dkt. #46) was entered containing proposed findings of fact and recommendations that Plaintiff's "Substitute Motion for Default Judgment, Hearing by Court Judge Requested with Exhibits" ("Motion for Default Judgment") (Dkt. #30) be denied and Defendants' Motion to Vacate Default Judgment and Motion to Dismiss (Dkt. #28) be granted. On July 31, 2019, a second report of the Magistrate Judge (Dkt. #47) was entered containing proposed findings of fact and recommendations that Defendants' Motion for Order Determining Plaintiff a Vexatious Litigant & Requesting Security (Dkt. #29) be granted, in part, and further ordered that "Plaintiff's Verified Notice in Objection to Defendent's [sic] Motion for Order Determining Her to be a Vexatious Litigant and Their Request for Security. Plainitff's [sic] Third Motion for Appointment of Counsel, Court Hearing Requested" (Dkt. #34) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's objections (Dkts. #51; #52, #53),[1] and request to transfer (Dkt. #50), having considered all other relevant

---

[1] On August 19, 2019, Plaintiff filed her "Reiteration of her Motion for Reconsiderations and Hearing per her Objections, DKT 51 & 52 Incorporated to Magistrate's Orders Reports and Recommendations DKT 46 & 47" ("Motion for Reconsideration") ("Dkt. #53). The Court construes Plaintiff's Motion for Reconsideration as additional objections to the reports of the magistrate judge. *See e.g.*, *Swans v. Caskey*, No. 5:10-cv-7-DCB-MTP, 2012 WL 3120029 (S.D. Miss. Aug. 4, 2010).

filings,[2] and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports should be adopted.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed the instant suit on November 14, 2018 (Dkt. #1), and her Amended Complaint, the live pleading in this case, on December 20, 2018 (Dkt. #7). Defendant Gerald Turnham was served on January 11, 2019 (Dkt. #20). Defendant Turnham did not answer or otherwise respond by February 1, 2019 and Plaintiff requested that the clerk enter default against Defendant Turnham (Dkt. #21). The Clerk entered default as to Defendant Turnham on February 8, 2019 (Dkt. #22). Thereafter, on February 25, 2019, Defendants J.L. Culpepper and Culpepper Plumbing and Air Conditioning Inc. were served on February 11, 2019 (Dkts. #25; #26). Defendant Carl Pugliese was served on February 13, 2019 (Dkt. #27). Defendants Culpepper Plumbing and Air Conditioning, Inc., J.L. Culpepper, Steve Culpepper (deceased), Gerald Turnham, and Carl Pugliese jointly filed their "Motion to Vacate Default Judgment and Motion to Dismiss" (Dkt. #28) and "Motion for Order Determining Plaintiff a Vexatious Litigant & Requesting Security" (Dkt. #29). After the filing of the Motion to Dismiss, Plaintiff moved for default judgment (Dkt. #30). On July 29, 2019, the Magistrate Judge entered a report and recommendation (Dkt. #46) recommending that Plaintiff's Motion for Default Judgment (Dkt. #30) be denied and Defendants' Motion to Vacate Default Judgment and Motion to Dismiss (Dkt. #28) be granted. On July 31, 2019, the Magistrate Judge entered a second report and recommendation (Dkt. #47) recommending that Defendants' Motion for Order Determining

---

[2] On August 22, 2019, Plaintiff additionally filed her "Notice of Appeal of Magistrate's Orders, Report's Recommendations DKT 46, 47, 48, Plaintiff's Objections, And Motions for Reconsideration Pending DKT 51-52 is Pending" ("Notice of Appeal") ("Dkt. #55), and her accompanying "Motion to Appeal [In] Forma Pauperis" (Dkt. #56). A report and recommendation of a magistrate judge is not a final decision of the District Court. *See* Fed. R. Civ. P. 54; 59(e); 72. "Because the Report and Recommendations is not a final appealable order, [plaintiff] has no right to appeal as yet and [her] Motion to Appeal *in forma pauperis* should be denied as moot." *U.S. v. Schooler*, Nos. 3:10-cr-134, 3:12-cv-201, 2012 WL 2814322, at *2 (S.D. Ohio July 10, 2012).

Plaintiff a Vexatious Litigant & Requesting Security (Dkt. #29) be granted and further ordering that "Plaintiff's Verified Notice in Objection to Defendent's [sic] Motion for Order Determining Her to be a Vexatious Litigant and Their Request for Security. Plainitff's [sic] Third Motion for Appointment of Counsel, Court Hearing Requested" (Dkt. #34) be denied.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff makes numerous objections to both reports (Dkts. #51, #52, #53), including specifically that: (1) Defendants' counsel are not properly before the Court (Dkts. #51 at p. 2; #52 at p. 4); (2) there is no order referring this case to the Magistrate Judge and thus she had no authority to enter her reports (Dkts. #51 at p. 2; #52 at p. 4); (3) the Magistrate Judge's recital of the facts and/or Plaintiff's allegations is untrue (Dkts. #51 at p. 2; #52 at p. 4) (4) the Magistrate Judge refused to set the case for hearing (Dkts. #51 at pp. 3, 12; #52 at p. 5); (5) the Clerks' Office (and the Court) "aided Defendants purposefully and prejudicially against the Plaintiff" (Dkt. #51

3

at pp. 6–9); (6) the Magistrate Judge erred in finding this Court does not have jurisdiction (Dkt. #51 at pp. 5, 10–12); (7) Defendants did not answer Plaintiff's Amended Complaint and the Magistrate Judge ignored the standard in Rule 12 of the Federal Rules of Civil Procedure (Dkt. #51 at pp. 12–13); and (8) the Magistrate Judge improperly relied on Justice of the Peace Court cases, non-suits, and dismissals in determining a limited pre-filing injunction should be imposed (Dkt. #52 at p. 3).

*Defendants' Counsel*

Plaintiff argues Defendants' counsel, Daniel Jose Paret and Gregory J. Sawko are not properly before the Court and have no standing to making filings in this matter (Dkts. #51 at p. 2; #52 at p. 4). Both Mr. Paret and Mr. Sawko are admitted to practice before the Eastern District of Texas and are in good standing. Plaintiff's objection is overruled.

*Referral to Magistrate Judge*

Plaintiff also challenges the authority of the Magistrate Judge; Plaintiff asserts that "there is no record of a document showing designation, or referral, by either Judge Mazzant, Justice Gilstrap, or consent by either Party, on file" (Dkts. #51 at p. 2; #52 at p. 4). "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and "may also designate a magistrate judge to ... submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)–(B). "Additionally, the Eastern District of Texas's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review." *Robinson v. Texas*, No. 4:18-CV-66, 2018 WL 4057192, at *2 (E.D. Tex. Aug. 27, 2018) (Mazzant, J.) (citing E.D. Tex. Local Civil Rule 72(d)). Pursuant to standing order, this case was referred to the Magistrate Judge for all pretrial proceedings. To the extent Plaintiff objects that she did not consent to the Magistrate

Judge, no such consent was needed as the referral was initiated pursuant to 28 U.S.C. § 636(b). The Magistrate Judge acted within the bounds of statutory authority in making recommendations to the District Court. *See Lowe v. Dollison*, No. 6:11-cv-108, 2012 WL 1555446, at *2 (E.D. Tex. Mar. 2, 2012). Plaintiff's objection is overruled.

*Recitation of Facts and/or Plaintiff's Allegations*

Plaintiff further contends that the Magistrate Judge's recitation of the facts and/or Plaintiff's allegations is untrue. In pertinent part, Plaintiff argues that the Magistrate Judge "did not address the congressional acts shown to this court in support of Plaintiff's standing; but simply wrote 'United States'" (Dkt. #51 at p. 2) and improperly relied on the Defendants' proposed order (Dkt. #29-13) as it related to Defendants' Motion for Sanctions (Dkts. #51 at p. 2; #52 at p. 4). In making her objection, Plaintiff directs the Court's attention to various pages of the reports (Dkts. #51 at p. 2; #52 at p. 4). The Magistrate Judge appropriately summarized the relevant factual background of this case, and properly addressed the Court's jurisdiction, as discussed more fully *infra*. Moreover, upon review of the Magistrate Judge's report, contrary to Plaintiff's assertions, the Court finds no citations or references to Defendants' proposed order (Dkt. #29-13). With respect to the issue of sanctions, to the extent Plaintiff takes issue with the report's consideration of the twelve docket sheets provided by Defendants establishing the multitude of other cases filed by Plaintiff, the Court may take notice of public records, which includes records of Plaintiff's prior litigation. *See In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record."). Plaintiff's objection is overruled.

*Request for Hearing*

Plaintiff argues that "the Magistrate purposely neglected to hear the case" and "[t]he magistrate would not allow Plaintiff to have a hearing although requested in dkt 30, 38 and Dismissed her case and named her Vexatious litigant on Hearsay without a hearing in contradictions to Article VIII" (Dkt. #51 at p. 3). Plaintiff has provided no authority that she was entitled to a hearing on her Motion for Default Judgment (Dkts. #30; #38) or any other motion and/or request. Indeed, the Fifth Circuit has specifically indicated that the Federal Rule of Civil Procedure 55—upon which Plaintiff's Motion was based—does not *require* an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Plaintiff's objection is overruled.

*Allegations Against the Clerk of Court*

Plaintiff next argues that "[t]he clerks and court aided the Defendants purposefully and prejudicially against the Plaintiff" (Dkt. #51 at p. 8). In connection therewith, Plaintiff contends that the Clerk of Court deliberately omitted certain of her filings from the docket and further erred in refusing to file certain documents, specifically, Plaintiff's "Supplemental Request to Clerk to Enter Default" to Plaintiff (Dkt. #51 at pp. 6–9). As it relates to Plaintiff's "Supplemental Request to Clerk to Enter Default," the Court finds that default judgment was properly not entered by the Clerk. Plaintiff's objection is overruled.

*Jurisdiction*

Plaintiff further argues that because the Magistrate Judge allowed summons to issue after the filing of Plaintiff's Amended Complaint, her Amended Complaint was "approved" by the Magistrate Judge and therefore the "jurisdictional standards were satisfied" (Dkt. #51 at pp. 5, 10). Plaintiff additionally asserts that diversity jurisdiction would have existed in this case "if the Court would have addressed the Requests to Transfer" (Dkt. #51 at p. 11). Plaintiff's argument that the

Magistrate Judge's "Order Directing Issuance of Summons" (Dkt. #11) approved Plaintiff's Amended Complaint or otherwise found that "jurisdictional standards were satisfied" is meritless. The referenced Order merely allowed issuance of summons pursuant to 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A (Dkt. #11). Moreover, a federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction sua sponte."). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Absent jurisdiction conferred by statute or the Constitution, the Court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. The Court further concludes that the Magistrate Judge appropriately found that no federal question or diversity jurisdiction existed in this case.

> Regarding federal question jurisdiction, the report indicated:
>
> The Court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.
>
> In the instant case, Plaintiff's Amended Complaint alleges no federal law creating a right to relief for Defendants' alleged conduct. Plaintiff raises three causes of action: breach of contract, violations of the DTPA, and violations of 15 U.S.C. § 45. Plaintiff's breach of contract and DTPA claims arise under Texas state law, and therefore, may not establish the basis for federal question jurisdiction. Furthermore, although Plaintiff raises a claim under a federal statute: 15 U.S.C. § 45, such statute does not create a private cause of action.

(Dkt. #46 at pp. 6–7) (internal citations omitted).  Plaintiff cites no authority that would sustain a federal cause of action, and Plaintiff's reliance on the "congressional acts" cited in her Amended Complaint do not save her claims.  Plaintiff's Amended Complaint points to "the Uniformed Plumbing Codes (UPC), and are [sic] mandatory rules, codes, and laws, placed in effect, designed to provide safety to the consumer, and to provide safe and sanitary plumbing systems" (Dkt. #7 at p. 4).  Aside from these broad categories, Plaintiff points to no other specific authority for her claims.  Thus, as the report correctly concluded, there is no basis for federal question jurisdiction.

As to diversity jurisdiction, Plaintiff objects to the report's footnote finding:

> Plaintiff appears to allege that Turnham is a resident of Oregon in her Response [Dkt. 38 at 4]. However, this does not alter the above analysis as diversity jurisdiction requires complete diversity of parties.

(Dkts. # 46 at p. 7; #51 at p. 11).  Plaintiff argues that diversity jurisdiction standard was concealed from her and "could have been remedied if the Court would have addressed the Requests to Transfer" (Dkt. #51 at p. 11). Plaintiff's "Corrected Motion to Transfer" filed on August 9, 2019 (Dkt. #50) does not establish an adequate basis for transfer.  Plaintiff's Corrected Motion to Transfer baldly asserts that a District Court in Minnesota has concurrent jurisdiction over this case and should thus be transferred (Dkt. #50 at p. 1).  Plaintiff proffers no authority or argument that transfer is proper and Plaintiff's "Corrected Motion to Transfer" is denied.

Furthermore, Plaintiff does not contest that she and Defendants J.L. Culpepper, Steve Culpeper, Culpepper Plumbing and Air Conditioning Inc., and Carl Pugliese are each citizens of Texas.  Even assuming that Defendant Turnham is a citizen of Oregon as alleged by Plaintiff, she still fails to demonstrate *complete* diversity as every other party is a citizen of Texas.  "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir.

2008) (quoting *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "A failure of complete diversity…contaminates every claim in the action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005). Plaintiff's objections are overruled.

*Rule 12 and Entry of Default*

Plaintiff takes issue with the report's analysis surrounding Plaintiff's Motion for Default (Dkt. #51 at pp. 12–13). Specifically, Plaintiff argues the Magistrate Judge improperly used the word "respond" instead of "defend" in her analysis and further overlooked that Defendants did not file an answer pursuant to Rule 12 (Dkt. #51 at pp. 12–13). The objected to language is a direct quotation from *New York Life Insurance Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) explaining that default "occurs when a defendant has failed to plead or otherwise *respond* to the complaint within the time required by the Federal Rules." 84 F.3d at 141 (emphasis added). Moreover, the language to which Plaintiff herself cites indicates that "[a]cts that show an intent to defend have frequently prevented a default even though not connected to any particular rule" (Dkt. #51 at p. 13). There is no error. Plaintiff additionally contends that because Defendants did not serve an answer within 21 days, they did not comply with Rule 12 and the Magistrate Judge overlooked such error in denying her Motion for Default Judgment (Dkt. #51 at p. 13). Plaintiff is correct that an "answer" was not filed by any defendant in this matter, however the joint filing of Defendants' Motion to Vacate Default Judgment and Motion to Dismiss (Dkt. #28) stayed the time to file a responsive pleading as to Defendants J.L. Culpepper, Steve Culpeper, Culpepper Plumbing and Air Conditioning Inc., and Carl Pugliese. *See, e.g.*, *Haffke v. Discover Financial Services*, No. 4:10cv276, 2010 WL 3430853, at *1 (E.D. Tex. Aug. 6, 2010) (citing Fed. R. Civ. P. 12(a)(4)). As to Defendant Turnham, Defendant Turnham did not file any responsive pleadings prior to the

expiration of his deadline to answer and the Clerk entered default as to Defendant Turnham (Dkts. #20; #21; #22). However, as found by the report:

> Whether to enter default judgment is within the sound discretion of the court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). In this case, Defendant Turnham has now appeared by virtue of the filing of the pending Motion to Vacate and Dismiss. It is well established that "[t]he filing of a motion to dismiss is normally considered to constitute an appearance." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989). Because Defendant Turnham has appeared in this case by filing his Motion to Vacate and Dismiss (which was on file prior to the instant Motion for Default), default judgment is inappropriate. Plaintiff's Motion for Default Judgment [Dkt. 30] should be denied.

(Dkt. #46 at p. 4). Besides pointing to Rule 12 for the proposition that Defendant Turnham failed to timely file an answer, Plaintiff proffers no argument or authority that the Court has abused its discretion in denying her Motion for Default Judgment as a result of Defendant Turnham's appearance in the case. Plaintiff's objections are overruled.

*Vexatious Litigant*

Plaintiff lastly contends that the Magistrate Judge improperly relied on Justice of the Peace Court cases, non-suits, and dismissals on appeal in finding that she is a vexatious litigant and further posits that the instant lawsuit is the first time she has brought a cause of action against Defendant Turnham (Dkt. #52 at p.3). Plaintiff is mistaken in her argument that a Justice of the Peace Court is not a part of the state judiciary. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 31.005 (West):

> A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, *except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery.*

(emphasis added). Contrary to Plaintiff's argument, Justice of the Peace courts carry authority and their judgments are binding as to the parties before them. *Id.* Moreover, it is proper for the Court

to consider other litigation in imposing sanctions. *Clark v. Mortenson*, 93 F. App'x 643, 653-54 (5th Cir. 2004). Indeed, the Fifth Circuit has made clear that "[f]ederal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents. This includes enjoining future filings to protect its jurisdiction and control its docket." *Id.* (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir.1986)).[3] As explained in the Magistrate Judge's report, Plaintiff has now pursued thirteen (13) separate lawsuits against Defendants regarding the repairs made at her residence, all of which have been resolved in a manner adverse to Plaintiff [Dkts. 29-1 – 29-12]. Notwithstanding such adverse determinations, Plaintiff has continued to initiate suits, such as the instant case, related to the repairs at her residence. This conduct demonstrates a pattern by Plaintiff to harass the many parties involved and as a result Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's objections and related filings (Dkts. #51; #52; #53; #55), and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkts. #46; #47) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #30) and Corrected Motion to Transfer (Dkt. #50) are each **DENIED**.

It is further **ORDERED** that Defendants' Motion to Vacate and Motion to Dismiss (Dkt. #28) is **GRANTED** and the Clerk's Entry of Default as to Defendant Turnham be **SET ASIDE**.

It is further **ORDERED** that the entirety of Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[3] The Court notes that the *Clark* decision considered sanctions under 28 U.S.C § 1927; however, the Court finds *Clark's* analysis persuasive under the Rule 11 context as well given the court's power to enjoin those parties who abuse the court system and judicial process.

It is further **ORDERED** that Defendants' Motion for Order Determining Plaintiff a Vexatious Litigant & requesting Security (Dkt. #29) is **GRANTED** in part, as set forth herein, and Plaintiff's "Verified Notice in Objection to Defendent's [sic] Motion for Order Determining her to be a Vexatious Litigant and their Request for Security. Plainitff's [sic] Third Motion for Appointment of Counsel, Court Hearing Requested" (Dkt. #34) is **DENIED**. Plaintiff shall be enjoined from future filings in this District as follows:

> Plaintiff is prohibited from filing in, or removing to, the United States District Court for the Eastern District of Texas any civil action related to Defendants' repairs at Plaintiff's residence without the representation of a licensed attorney admitted to practice in the Eastern District of Texas, unless she obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Plaintiff will be directed to take the following steps:
>
> 1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.
>
> 2. Include in the motion requesting leave to file a *pro se* action the following information:
>
>> A. A list of all lawsuits currently pending or filed previously in any Federal or State Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and
>>
>> B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in any Federal or State Court. If so, she must cite the case number and docket number where the legal issues previously have been raised.
>>
>> C. A notarized affidavit, in proper legal form, which certifies that, to the best of Plaintiff's knowledge, the legal arguments being raised are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay, harassment, or to needlessly increase the cost of litigation, and that she will comply with all federal and local rules of this Court.
>
> 3. Submit the proposed new pleading to be filed in the *pro se* action.
>
> The above described documents shall be submitted to the Clerk of the Court, who shall forward them the Chief Judge, or other judge designated by the Chief Judge for review. If the motion requesting leave to file a *pro se* action is denied, the matter

will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

All relief not previously granted is hereby **DENIED**.[4]

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

SIGNED this 20th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] Such order includes, specifically, Plaintiff's "Reiteration of her Motion for Reconsiderations and Hearing per her Objections, DKT 51 & 52 Incorporated to Magistrate's Orders Reports and Recommendations DKT 46 & 47" (Dkt. #53) and Plaintiff's "Motion to Appeal [In] Forma Pauperis" (Dkt. #56).